IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOEL DELEON,                                  ) | |
|                                               ) | |
|     Petitioner,           ) | |
|                                               ) | |
|    v.                          ) | C.A. No. 21-735 (MN) |
|                                               ) | |
| SCOTT CERESINI, Warden, and                   ) | |
| ATTORNEY GENERAL OF THE STATE                 ) | |
| OF DELAWARE,                                  ) | |
|                                               ) | |
|     Respondents.          ) | |

# MEMORANDUM OPINION

Joel DeLeon – *Pro se* Petitioner.

Matthew C. Bloom, Deputy Attorney General, Delaware Department of Justice, Wilmington, DE – Attorney for Respondents.

August 10, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Joel DeLeon ("Petitioner"). (D.I. 2). The State filed a Motion to Dismiss (D.I. 18), which Petitioner opposed (D.I. 20). For the reasons discussed, the Court will grant the State's Motion to Dismiss and dismiss the Petition as barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

**I.      BACKGROUND**

On December 6, 2017, Petitioner entered a guilty plea to third degree rape and first degree unlawful sexual contact; the victims were two sisters of a family friend of Petitioner's who, at the time of the offense, were nine and eleven years old. (D.I. 12-1 at 2, Entry No. 16; D.I. 12-2 at 2-8; D.I. 12-3). As part of the plea agreement, the State agreed to cap its sentencing recommendation at fifteen years of active incarceration. (D.I. 12-3 at 1; D.I. 12-5 at 1). The Superior Court ordered a pre-sentence report and, on January 26, 2018, sentenced Petitioner as follows: (1) for his third degree rape conviction, to twenty-five years at Level V with credit for 295 days and no probation; and (2) for his first degree unlawful sexual contact conviction, to five years at Level V suspended for five years at Level III GPS supervision. (D.I. 12-4). Petitioner did not appeal.

On March 2, 2018, Petitioner's attorney filed a motion for sentence modification or reduction, which the Superior Court denied on March 6, 2018. (D.I. 12-1 at 3, Entry Nos. 20 & 21; D.I. 12-5; D.I. 12-6). Petitioner did not appeal. On February 5, 2021, Petitioner filed a *pro se* motion for correction of an illegal sentence. (D.I. 12-1 at 3, Entry No. 24; D.I. 12-7). The Superior Court denied the motion on March 12, 2021. (D.I. 12-1 at 3, Entry No. 27; D.I. 12-8). Petitioner did not appeal.

Petitioner filed the instant Petition in May 2021, asserting that: (1) the Superior Court imposed an excessive sentence without room for rehabilitation (D.I. 2 at 5); and (2) Petitioner's

1

original plea was "unfillable" because he believed that he was entering into a "*Robinson* plea" as opposed to an outright guilty plea (D.I. 2 at 2,7).

## II. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling, which, when applicable, may extend the filing period. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021) (actual innocence exception).

Petitioner does not assert any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the time allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Superior Court sentenced Petitioner on January 26, 2018. Because Petitioner did not appeal that judgment, his conviction became final on February 26, 2018, when the time to appeal expired.[1] Applying the one-year limitations period to that date, Petitioner had until February 26, 2019 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date of the triggering event of the limitations, namely, the date of finality). Petitioner, however, did not file the instant Petition until May 19, 2021,[2] almost two years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Petitioner demonstrates a convincing claim of actual innocence excusing his untimely filing. The Court will discuss each doctrine in turn.

---

[1] The last day of the appellate period fell on a Sunday – February 25, 2018. Therefore, the time to appeal extended to the end of the day on Monday, February 26, 2018. *See* Del. Supr. Ct. R. 11.

[2] Pursuant to the prison mailbox rule, a prisoner's habeas petition is deemed filed the date on which he transmitted the petition to prison authorities for mailing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date). Although the Petition was electronically filed on May 24, 2021, Petitioner dated his certificate of service on May 19, 2021. The Court will assume that the Petition was provided to prison authorities on the earlier date and, therefore, views May 19, 2021 as the date of filing.

### A. **Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). An untimely post-conviction motion is not considered to be properly filed for § 2244(d)(2) purposes. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (explaining that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Pace*, 544 U.S. at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

The one-year limitations period in this case began to run on February 27, 2018, and ran for three days until Petitioner's attorney filed a motion for modification or reduction on March 2, 2018. The Superior Court denied the motion on March 6, 2018, and Petitioner did not appeal that decision. In these circumstances, the motion for modification/reduction of sentence tolled the limitations period from March 2, 2018 through April 5, 2018, which includes the thirty-day appeal period.

The limitations clock started to run on April 6, 2018, and ran the remaining 362 days without interruption until the limitations period expired on May 6, 2019. Given these circumstances, the motion for correction of an illegal sentence that Petitioner filed on February 5, 2021 does not have any statutory tolling effect, because it was filed after the

4

limitations period had expired. Thus, the Petition is time-barred, unless equitable tolling or the actual innocence equitable exception apply.

### B. Equitable Tolling

AEDPA's one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *See id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013); *see also Wallace*, 2 F.4th at 144 (reiterating that "the relevant inquiry for purposes of assessing extraordinary circumstances is "how severe an obstacle [the circumstance] creates with respect to meeting AEDPA's one-year deadline."). Moreover, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir. 2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir. 2008).

Petitioner appears to assert that the limitations period should be equitably tolled because he is Guatemalan and has difficulty understanding the English language. He alleges that a "*pro se* legal assistant"/translator was not provided until "recently, and it appears that the "*pro se* legal assistant" (or jailhouse lawyer) aided Petitioner in completing the Petition filed in this proceeding. (D.I. 20 at 2; see also (D.I. 2 at 15)). Relying on these assertions, the Court surmises that Petitioner obtained translation assistance around the time he filed the instant Petition – namely, May 2021. (*See* D.I. 2 at 15). Petitioner, however, has not provided any evidence that he reasonably and diligently pursued Spanish language materials and translation assistance to mitigate a language barrier prior to the expiration of the limitations period in May 2019. Nor does Petitioner's vague reference to unspecified "governmental interference" constitute evidence that any efforts to obtain translation assistance were denied. (D.I. 20 at 2).

Petitioner also asserts that he was unable either to timely file his Petition or to obtain "correct" evidence to support his filings because he is an "illegal immigrant" and both immigration and prison policies limited his contact with the outside world. (D.I. 20 at 3-4). This allegation is unavailing because Petitioner has failed to demonstrate how his inability to contact witnesses or obtain outside evidence prevented him from filing a basic form application for habeas relief asserting the two grounds presented here. (*See* D.I. 2).

Finally, to the extent Petitioner's late filing of the Petition was due to his own ignorance of the law or the result of his miscalculation regarding the one-year filing period, such factors do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004); *Lewis v. Phelps*, 672 F. Supp. 2d 669, 674 (D. Del. 2009) (holding that Lewis' error in computing AEDPA's one-year filing period did not warrant equitable tolling).

For all these reasons, the doctrine of equitable tolling is not available to Petitioner on the facts he has presented.

### C. Actual Innocence Exception

A credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F. 4th at 150-151. A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151. The Supreme Court and the Third Circuit have not defined "new evidence" in the context of the actual innocence gateway. Yet, at least when the failure to discover the evidence at trial was not due to counsel's ineffectiveness, the Third Circuit has "suggested that new evidence generally must be newly discovered" and "unknown to the defense at the time of trial." *Reeves v. Fayette SCI*, 897 F.3d 154, 164 (3d Cir. 2018) (explaining "when a petitioner asserts ineffective assistance of counsel based on counsel's failure to discover or present to the fact-finder the very exculpatory evidence that demonstrates his actual innocence, such evidence constitutes new evidence for purposes of the *Schlup* actual innocence gateway.").

Petitioner appears to assert he is "actually innocent" because he believed he was entering a "*Robinson* plea" as opposed to an outright guilty plea, thereby demonstrating that his plea agreement was unfulfilled. This assertion does not constitute "new reliable evidence" of Petitioner's actual innocence.

Petitioner also appears to assert he is "actually innocent" because the Superior Court enhanced his sentence to twenty-five years after hearing incorrect information that Petitioner had been convicted of sexually abusing a child in his native country of Guatemala. (D.I. 2 at 3; D.I. 20 at 3; D.I. 21 at 2). Petitioner recently filed a construed Motion to Supplement his Petition providing

7

documentation from Guatemala allegedly supporting his contention that he was exonerated of a "prior conviction of sexual abuse in his native Guatemala." (D.I. 21 at 2; D.I. 21-1); *see infra* at Section III.

Petitioner's attempt to trigger the actual innocence exception with the Motion to Supplement and attached documentation (D.I. 21-1) is unavailing. Even if the documentation demonstrates that Petitioner has been exonerated of his prior Guatemalan conviction – which the Court is unable to discern[3] – the documentation does not constitute "new reliable evidence" that Petitioner is actually innocent of committing third degree rape in the State of Delaware in 2017. The documentation also does not support Petitioner's contention that the Superior Court improperly enhanced his sentence, because the twenty-five year sentence imposed by the Superior Court does not exceed the maximum statutory sentence for third degree rape (a Class B felony). *See* 11 Del. C. § 4205(b)(2) (providing for a term of Level V incarceration for a Class B felony of "not less than 2 years up to 25 years"); 11 Del. C. § 771 (establishing rape in the third degree as a Class B felony).

Accordingly, the Court will grant the State's Motion to Dismiss and dismiss the instant Petition as time-barred.

## III. PENDING MOTION

During the pendency of this proceeding, Petitioner filed a Motion to Amend his Petition to provide documentation showing that he has been exonerated of sexual abuse charges and/or convictions in his native country of Guatemala. (D.I. 21; D.I. 21-1 at 4-10). The Court liberally construes the Motion as a motion to supplement rather than a motion to amend, because Petitioner seeks to provide support for his previous assertion that the State incorrectly alleged during

---

[3] The Court is unable to read the documentation Petitioner provided to support his Motion to Amend because it is written in Spanish, without any translation. (D.I. 21-1).

8

Petitioner's sentencing hearing that he had been "convicted of a sex crime" in Guatemala. (*See* D.I. 2 at 3). So construed, the Court will grant the Motion to Supplement, and notes that it considered the assertions in the Motion and the existence of the documentation attached to the Motion in its discussion of the actual innocence exception to AEDPA's statute of limitations. (*See supra* at Section II.C).

## IV.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that the Petition is time-barred. Reasonable jurists would not find these conclusions to be debatable. Therefore, the Court will not issue a certificate of appealability.

## V.   CONCLUSION

For the reasons stated, the Court will grant the State's Motion to Dismiss and dismiss the Petition as time-barred without holding an evidentiary hearing or the issuance of a certificate of appealability. An appropriate Order shall issue.